IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Case No. 20-cv-1406-WJM-NYW

CLIFFORD J. TAYLOR,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
SHERIFF JUSTIN SMITH, in his individual and official capacities,
THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF LARIMER,
CAPTAIN TIMOTHY PALMER,
AMANDA JARMAN,
DR. KEITH MCLAUGHLIN,
DAYLA COOK,
KYRA HARMON,
LYNETTE HOISINGTON,
ALEX MAHLOCH,
JESSINA MORSE,
LYNN SCHULTZ,
LEAH OAKLEY,
CAROLYN PEISERT,
CHEYENNE PALMER,
KATIE WENZEL, and
MICHELLE WILSON,

    Defendants.

---

ORDER ADOPTING JULY 21, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the July 21, 2021 Report and Recommendation of United States Magistrate Judge Nina Y. Wang (the "Recommendation") (ECF No. 109) that the Court grant Defendants Armor Correctional Health Services, Inc. ("Armor"), Amanda Jarman, Keith McLaughlin, Dayla Cook, Kyla Harmon, Lynette Hoisington, Alex Mahloch, Jessina Morse, Lynn Schultz, Leah Oakley,

Carolyn Peisert, Cheyenne Palmer, Katie Wenzel, and Michelle Wilson (collectively, "Armor Defendants"), and Defendants Justin Smith, Timothy Palmer, and the Board of County Commissioners for the County of Larimer's ("BOCC") (collectively, "County Defendants") two Motions to Dismiss ("Motions") (ECF Nos. 46 & 47), and dismiss Plaintiff Clifford Taylor's Amended Complaint ("AC") (ECF No. 38). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, Taylor's Objection is overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the AC (ECF No. 38).[1]

This civil rights action arises out of Taylor's medical treatment at the Larimer County Jail ("LCJ"). (ECF No. 38.) Specifically, he alleges that various medical providers failed to adequately treat his arm injury, which resulted in a severe infection and potentially permanent limitation in use of his arm. (*Id.*)

Taylor filed his AC on July 20, 2020, which is the operative complaint. (*Id.*) He brings a total of five claims: (1) deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution[2] against the

---

[1] The Court assumes the allegations contained in the AC are true for the purpose of resolving the Motions. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[2] To the extent Taylor's claims arise out of events prior to his entry of a guilty plea in his criminal case, his claims arise under the Fourteenth Amendment as a pretrial detainee; claims based on subsequent events arise under the Eighth Amendment, though the analysis is identical. *See Barron v. Macy*, 268 F. App'x 800, 801 (10th Cir. 2008).

2

individual Armor Defendants in their individual capacities; (2) deliberate indifference against Smith and Palmer in their individual capacities; (3) failure to provide medical care, or adequately train or supervise against BOCC and Defendant Smith in his official capacity; (4) failure to provide adequate medical care, or train or supervise against Armor; and (5) cruel and unusual punishment and deprivation of due process in violation of Colorado Revised Statute § 13-21-131 against Smith and Palmer in their individual capacities. (*Id.* at 90.) Taylor brings his federal claims pursuant to 42 U.S.C. § 1983.

On August 31, 2020, County Defendants and Armor Defendants filed their respective Motions. (ECF Nos. 46 & 47.) The Motions are fully briefed. (ECF Nos. 56, 57, 63 & 66.) Additionally, with leave of the Court, Taylor filed sur-replies on November 25, 2020. (ECF Nos. 71 & 72.)

On July 21, 2021, Judge Wang issued her Recommendation, addressing the two Motions. (ECF No. 109.) She found that Taylor failed to state a claim for relief against any of the Defendants and therefore recommended granting the Motions and dismissing the AC without prejudice. (*Id.* at 46.)

Taylor filed an Objection to the Recommendation on July 29, 2021. (ECF No. 115.) County Defendants responded to Taylor's Objection on August 12, 2021. (ECF No. 116.) Armor Defendants did not file a response to the Objection.

## II. LEGAL STANDARD

### A.     Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

B.   **Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously

studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS[3]

#### A. Claim One: Deliberate Indifference as to Individual Armor Defendants

Taylor brings a deliberate indifference claim against the 13 individual Armor Defendants who were his medical care providers at LCJ. (ECF No. 38 at 82–83.) Armor Defendants argue that Taylor fails to state a claim for deliberate indifference because the conduct complained of does not amount to a constitutional violation. (ECF No. 47 at 4–6.)

Judge Wang analyzed the actions of each of the individual Armor Defendants and concluded that Taylor had not plausibly alleged a claim for deliberate indifference. (ECF No. 109 at 16–27.) She first found that no Defendant was liable under a gatekeeper theory because each was a direct treatment provider.[4] (ECF No. 109 at 16–27.) Judge Wang further found that Taylor did not plausibly allege that Defendants

---

[3] Because Taylor is proceeding *pro se*, the Court liberally construes his Objection. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). As he was represented by counsel through the briefing of the Motions, however, the Court will not liberally construe that briefing. *Cf. Tatten v. City & Cnty. of Denver,* 730 F. App'x 620, 623 (10th Cir. 2018) ("The obvious reason for according liberal construction to pro se litigants is that a typical pro se plaintiff does not have legal training and is 'unskilled in the law.'").

[4] Prison officials may be liable for deliberate indifference as "gatekeepers" if they "prevent an inmate from receiving treatment or deny [the inmate] access to medical personnel capable of evaluating the need for treatment." *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

knew of and disregarded a substantial risk of harm as is required to satisfy the subjective component of the deliberate indifference inquiry.[5] (ECF No. 109 at 16–27.)

In his Objection, Taylor argues that he has adequately alleged a deliberate indifference claim under a gatekeeper theory of liability, which he asserts that Judge Wang "conveniently overlooked." (ECF No. 115 at 3.) He contends that Armor Defendants are gatekeepers to outside medical care—such as a referral to his providers at Denver Health—because they are medical professionals themselves. (*Id.*) Taylor further argues that he has adequately alleged the subjective component of the deliberate indifference inquiry because Defendants' medical training meant that they were aware that their course of treatment was inadequate, and it is "the normal practice" to request an outside specialist such as his providers at Denver Health. (*Id.*)

First, Judge Wang *did* analyze whether the individual Armor Defendants acted in a gatekeeping role and concluded that gatekeeper liability did not apply because they each directly provided treatment to Taylor. (ECF No. 109 at 16–27.) Rather, "[g]enerally speaking, a medical professional cannot be said to be acting in a gatekeeper role, as he or she is the one providing the treatment." *Swan v. Physician Health Partners, Inc.*, 212 F. Supp. 3d 1000, 1008 (D. Colo. 2016). Taylor offers no argument or authority to counter this proposition beyond arguing in general terms that the providers improperly failed to refer him to Denver Health. (ECF No. 115 at 3–4.) He

[5] A deliberate indifference claim must satisfy both an objective and subjective prong. The objective prong requires the harm to be sufficiently serious as to implicate the Cruel and Unusual Punishment Clause of the Eighth Amendment, meaning that the condition "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The subjective component of the inquiry is met if an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (10th Cir. 1994).

also appears to concede that each individual Armor Defendant acted as a direct medical provider, which precludes gatekeeper liability. (ECF No. 115 at 4 (stating that these Defendants "are all admittedly trained and licensed medical professionals").) Accordingly, the Court finds that Taylor has raised no plausible allegations suggesting that the individual Armor Defendants may be liable pursuant to a gatekeeper theory of liability; the Court therefore adopts this portion of the Recommendation and dismisses Claim One to the extent it is premised on a gatekeeper theory of liability. *See Oakley v. Phillips*, 2015 WL 5728734, at *8 (D. Colo. Sept. 30, 2015) ("The typical gatekeeper case involves non-medical personnel, such as prison guards, who fail to request medical assistance on behalf of a prisoner.").

Second, as Judge Wang determined, Taylor alleges that the individual Armor Defendants acted in response to his injuries by prescribing him antibiotics, excusing him from certain job duties, and dressing his wound. (ECF No. 109 at 16–27; *see also* ECF No. 38 ¶¶ 156–57, 197, 212–13.) Thus, Taylor's argument that they "chose not to act or intervene" does not reflect the facts alleged in the AC. Moreover, to the extent Taylor asserts that Defendants' failure to contact Denver Health or provide a more aggressive course of treatment constitutes deliberate indifference, "a mere disagreement with treatment [is not] enough to demonstrate a medical provider's deliberate indifference, even if the rendered treatment is subpar." *Estate of Medina v. Samuels*, 2020 WL 7398772, at *6 (D. Colo. Dec. 17, 2020); *Webb v. Aranas*, 2018 WL 5849839, at *2 (D. Nev. Nov. 6, 2018) (stating that a court "cannot substitute its judgment for that of a medical professional").

As Taylor does not specifically address the sufficiency of his allegations as to each individual Defendant, or argue in a non-conclusory manner that any Defendant's actions were deliberately indifferent, the Court finds that he has failed to allege a constitutional violation. *See Medina*, 2018 WL 5849839, at *2 (stating that "an inmate does not have a constitutional right to a particular course of treatment"). Accordingly, the Court adopts this portion of the Recommendation and dismisses Claim One without prejudice.

**B.     Claim Two: Supervisory Liability**

Taylor alleges that Smith and Palmer maintain a constitutionally deficient healthcare system at LCJ. (ECF No. 38 ¶¶ 441–43, 454–56.) The County Defendants assert that Taylor fails to state a claim against Smith and Palmer because he does not allege a constitutional violation as is required to state a deliberate indifference claim premised on supervisory liability.[6] (ECF No. 46 at 7–14.)

Judge Wang found that because Taylor failed to plausibly allege a constitutional violation by Armor Defendants, he could not state a claim for supervisory liability against Smith and Palmer. (ECF No. 109 at 27–29.) She further found that—even assuming Taylor had adequately pleaded a constitutional violation—Taylor has not alleged facts suggesting that Smith and Palmer were subjectively aware of any pattern of inadequate medical treatment and therefore Taylor failed to meet the third element of the claim. (*Id.* at 30–32.)

---

[6] A defendant may be liable in a supervisory capacity for a deprivation of constitutional rights if "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

In his Objection, Taylor does not specifically address the claims for supervisory liability beyond generally arguing that he has adequately alleged a constitutional violation.[7] (ECF No. 115 at 3–4.) As discussed above, Taylor has failed to plausibly allege a constitutional violation based on the medical care he received; such failure precludes a claim for supervisory liability. *See Dodds*, 614 F.3d at 1199. The Court therefore adopts this portion of the Recommendation and dismisses Claim Two without prejudice.

**C.      Claims Three & Four: *Monell* Liability**

Taylor brings claims for deliberate indifference against Armor, BOCC, and Smith in his official capacity. (ECF No. 38 at 85–88.) He brings these claims for municipal liability pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). (*Id.*)

Judge Wang found that Taylor failed to state a *Monell* claim because he did not allege an underlying constitutional violation based on deliberate indifference to medical needs.[8] (ECF No. 109 at 35–37.) Judge Wang further found that Taylor failed to state a claim based on failure to train or supervise because he did not raise allegations "explaining the training, or lack of training, provided or explaining why such training was insufficient." (*Id.* at 38–39.) She therefore recommended granting Defendants' Motions as to Claims Three and Four. (*Id.* at 44.)

---

[7] Notably, Taylor also fails to object to Judge Wang's finding that, even had he pleaded a constitutional violation, he failed to allege Smith or Palmer's subjective awareness of inadequate medical treatment. (*See generally* ECF No. 115.)

[8] To state a claim under *Monell*, a plaintiff must allege facts demonstrating (1) an official policy or custom, (2) that the policy or custom caused a constitutional injury, and (3) deliberate indifference to "an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

In his Objection, Taylor states that he has "successfully plead[ed] all of the required elements of the *Monell* claims." (ECF No. 115 at 5.) He further asserts that he is "prepared to demonstrate at trial" that Defendants "have a history, custom, practice and pattern of similar negligence and constitutional violations." (*Id.*)

As discussed above, Taylor's allegations do not plausibly raise a deliberate indifference claim, which he does not address in his Objection with respect to the *Monell* claims. As he has not plausibly alleged a constitutional violation, Taylor cannot sustain a claim for *Monell* liability. *See Schneider*, 717 F.3d at 769. Moreover, Taylor does not provide any argument or authority supporting his *Monell* claims beyond his conclusory statement that his allegations are adequate and speculation that he will eventually be able to obtain evidence supporting the existence of a custom, policy, or practice as required. (*Id.*) The Court therefore adopts this portion of the Recommendation and dismisses Claims Three and Four without prejudice.

### D.     Claim Five: State Law Claim

Judge Wang recommended dismissal of Taylor's pendent state law claim on the basis that a court should decline to exercise supplemental jurisdiction over state law claims where all federal claims in an action have been dismissed. (ECF No. 109 at 46; *see also Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").)

In his Objection, Taylor states only that the Court should retain jurisdiction "due to the seriousness [of] the allegations against the Defendants and the history of similar claims throughout the United States." (ECF No. 115 at 5.) He provides no authority or

argument beyond this conclusory assertion to counter the general rule that supplemental jurisdiction is inappropriate in this context.  Accordingly, finding that Taylor has failed to meaningfully object to this portion of the Recommendation and that Judge Wang's analysis and conclusion were not clearly erroneous, the Court declines to exercise supplemental jurisdiction over Taylor's state law claim and dismisses Claim Five without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 109) is ADOPTED in its entirety;

2. Taylor's Objection (ECF No. 115) is OVERRULED;

3. Armor Defendants' Motion to Dismiss (ECF No. 46) is GRANTED;

4. County Defendants' Motion to Dismiss (ECF No. 47) is GRANTED;

5. The AC (ECF No. 38) is DISMISSED WITHOUT PREJUDICE; and

6. Should Taylor believe himself in a position to plausibly plead facts which would cure the pleading deficiencies noted in this Order, he may file a motion seeking leave to file an amended complaint reflecting the same not later than **October 12, 2021**.

Dated this 21st day of September, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge