IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Case No. 20-cv-1406-WJM-NYW

CLIFFORD J. TAYLOR,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
SHERIFF JUSTIN SMITH, in his individual and official capacities,
THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF LARIMER,
CAPTAIN TIMOTHY PALMER,
AMANDA JARMAN,
DR. KEITH MCLAUGHLIN,
DAYLA COOK,
KYRA HARMON,
LYNETTE HOISINGTON,
ALEX MAHLOCH,
JESSINA MORSE,
LYNN SCHULTZ,
LEAH OAKLEY,
CAROLYN PEISERT,
CHEYENNE PALMER,
KATIE WENZEL, and
MICHELLE WILSON,

    Defendants.

## ORDER VACATING FINAL JUDGMENT

This matter is before the Court on the October 13, 2021 entry of final judgment in favor of Defendants and against Plaintiff Clifford Taylor ("Final Judgment") (ECF No. 124). For the following reasons, on the Court's own motion, the Final Judgment is vacated, and this action is reinstated for further proceedings.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and procedural history of this action and reproduces only those facts pertinent to this Order.

On September 21, 2021, the Court issued its Order Adopting Report and Recommendation of United States Magistrate Judge and dismissed Taylor's Amended Complaint without prejudice. (ECF No. 118.) The Court granted Taylor until October 12, 2021 to file a motion to amend his complaint to cure the pleading deficiencies noted in that Order. (*Id.*)

On October 13, 2021, as the docket did not reflect the filing of a timely motion to amend, the Court entered final judgment in favor of Defendants. (ECF No. 124.) On the very same day, a few hours later, Taylor's Motion for Leave to Amend Complaint ("Motion") was docketed. (ECF No. 125.) Although Taylor's Motion was entered on the Court's CM/ECF electronic docket on October 13, 2021, the Motion was actually date-stamped received in the Clerk's office the day before, October 12, 2021. (*Id.*)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits the court to relieve a party from a final judgment, order or other proceeding in particular specified situations. Among other things, Rule 60(b) includes a catch-all provision allowing a court to vacate a final judgment where "any other reason justifies relief." Fed. R. Civ. P. 60(b)(6). A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether

relief should be granted under Rule 60(b) is discretionary and the ruling should not be disturbed except for a manifest abuse of discretion).

### III. ANALYSIS

The Court finds that relief from judgment is appropriate in this case. As it turns out, Taylor in fact timely filed his Motion. Taylor attaches to his Motion a statement certifying that he sent the filing via first-class mail on October 8, 2021. (ECF No. 125.) Moreover, the Motion reflects a filing date of October 12, 2021, although the Clerk did not docket the Motion until October 13, 2021. (*Id.*) Finding that the Motion was timely filed, and considering Taylor's *pro se* status and consequent limited access to the resources to timely submit such filings, the Court concludes that the interests of justice militate strongly in favor of vacating the Final Judgment. Accordingly, the Final Judgment will be vacated and this action reopened for further proceedings.

### IV. CONCLUSION

For the reasons set forth above, and on the Court's own Rule 60 motion, the Final Judgment (ECF No. 124) is VACATED and the Clerk shall reopen this action and reinstate it on the Court's docket.

Dated this 14th day of October, 2021.

BY THE COURT:

William J. Martinez
United States District Judge